UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

C.A. No. 26-99999

2:26-cv-4354-BHH-MGB

| | |
|---|---|
| Victoria Waller<br><br>Plaintiff,<br><br>v.<br><br>Charleston County School District, Corey Shaw, in his individual capacity, and Jennifer Coker, in her individual capacity,<br><br>Defendants. | **COMPLAINT**<br>(Jury Trial Requested) |

The Plaintiff, Victoria Waller, complaining of the above- named Defendants, would respectfully show unto this Honorable Court, the following:

## I. PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff, Victoria Waller is currently a resident and citizen of the town of Greensboro, County of Guilford and State of North Carolina.

2. The Defendant, Charleston County School District (herein after referred to as “District”) is a subdivision of the State of South Carolina. located in Charleston County, State of South Carolina.

3. Upon information and belief, the Defendant Corey Shaw (herein after referred to as “Shaw”) is a citizen and resident of the city of North Charleston, Charleston County, State of South Carolina.

4. Upon information and belief, the Defendant Jennifer Coker (herein after referred to as “Coker”) is a citizen and resident of Berkely County, State of South Carolina.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343, because this action is based on 42 U.S.C. § 1981 and 2000(e)2 *et. seq.* and Title VII of the Civil Rights Act of 1964, as amended, the 14th Amendment to the Constitution of the United States of America, and Title 9 the United States code 20 U.S.C. § 1681-1688.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are are all, and each of them, situated in, or reside in, the Charleston Judicial Division of the United States District Court for the District of South Carolina, and the alleged unlawful and/or wrongful acts giving rise to the Plaintiff's claims were committed within the geographic boundaries of the Charleston Judicial Division of the United States District Court, District of South Carolina.

## I. FACTS

7. The Plaintiff, a white female, now age 33 (date of birth November 1, 1992, was initially hired by and began her employment with the Defendant District as a Health Teacher in February of 2018 at the Northwoods Middle School, a public school within the Defendant District, and then in August of 2018 began working as a Health and Physical Education Teacher at Liberty Hill Academy, a school and or program operated by the Defendant District and located at 5025 W. Enterprise Street in the city of North Charleston, Charleston County, State of South Carolina, where the Plaintiff continued to work until February 2, 2022 at which time the Plaintiff wrote and gave a letter of resignation to the Defendant Shaw and Coker which read as follows:

> ***"From - Victoria Waller***
> ***Date – February 2, 2022 at 9:15PM EST***
> ***To – Corey Shaw, Jennifer Coker***
> ***Subject – Resignation***
>
> ***Dear Mr. Shaw and Ms. Coker,***

***Please accept this as my letter of resignation from my Position at Liberty Hill Academy and Charleston County Schools. I cannot continue to put my mental and physical health at risk.***
***After suffering from the mental, verbal and physical abuse from not only the students, but also the discrimination and blatant disregard of my well-being from admin, I can not return to my teaching position.***
***With my diagnosis of anxiety disorder as well as panic disorder, I can not fathom the thought of returning to work and being further subjected to the abuse. Even with my doctor putting me out of work, I am still suffering from nightmares, am unable to sleep well at night and have tightness in my chest. I can not return to a job where I feel I have no support from my administration and students abusive behavior towards me is justified because of my sexuality and appearance.***

***Sincerely,***

***Tori Waller***
***Victoria Waller***
***Physical Education and Health***
***Liberty Hill Academy***
***5025 W. Enterprise Street***
***North Charleston, SC 29405***
***Phone: 843-566-8892"***

8. That the Defendant, "District" is a public school district, operating at all times relevant hereto, approximately 85 schools and specialized programs, including alternative programs, within the confines of Charleston County, State of South Carolina, and employing approximately 6,500 total employees within Charleston County, State of South Carolina, and an annual budget in excess of 618.3 million general operating budget in the 2021-2022 school year, and is now over 965 million in its general operating budget, and receives federal financial assistance from the United States Government.

9. That at all times relevant hereto, the Liberty Hill Academy was and is a school operated by the Department of Alternative Programs of the Defendant District and is located at 5025 W. Enterprise Street, City of North Charleston, Charleston County, State of South

Carolina.

10. At all times relevant hereto, the Defendant "Coker" was the Executive Director of Alternative Programs operating by and within the Defendant District, including the Liberty Hill Academy, and was in charge of student discipline for all students in the Defendant District, was the Supervisor of the Defendant "Shaw", was a high -level Administrator in the Defendant District and was acting at all times within the course and scope of her employment with the Defendant District as a high-level Administrator.

11. That from on or about August of 2021 and the entire time from August of 2021 through February 2, 2022 when the Plaintiff resigned, the Defendant Shaw was the Principal of Liberty Hill Academy, the CEO of the school, the final decision maker as to on-site discipline of students on the premises of Liberty Hill Academy, and was at all time relevant hereto the Supervisor of the Plaintiff.

12. That from on or about August of 2021 through February 2, 2022 the Plaintiff was frequently subjected to homophobic, comments, racial slurs and threatened almost daily from students at Liberty Hill Academy during the school hours on the premises where she was required to be by law during working hours because of her race (white) and sex and gender as a lesbian female.

13. That on October 11, 2021, a student at Liberty Hill Academy during working hours while the Plaintiff was teaching and required by law to be on campus, called her a "fucking dyke" and further told her "to go suck a strap", which resulted in other students following that behavior towards the Plaintiff, all of which the Plaintiff told the Principal and direct supervisor, the Defendant Shaw about in person in Defendant Shaw's office located at Liberty Hill Academy, when the Defendant Shaw, then and there responded that the

students told her that because of her sexuality and appearance and that the students were jealous because she chose to live out that lifestyle.

14. That at the above time and place in the Defendant Shaw's office, the Plaintiff also told the Defendant Shaw how upset, stressed, anxious and depressed those remarks by the students made her feel and made her dread working at Liberty Hill Academy.

15. That the Plaintiff subsequently, after speaking to the Defendant Shaw about how upset she was, encountered the same students in the hallways of Liberty Hill Academy and that students called her "dyke" and tried to physically assault the Plaintiff; and threats and verbal assaults by students continued at Liberty Hill Academy towards the Plaintiff until the Plaintiff could not take it any more and felt compelled to resign on February 2, 2022 as a result of the severe, pervasive discrimination of being called sexual slurs based on her appearance and sex and gender as a female lesbian.

16. On January 27, 2022, the Plaintiff's treating physician wrote the following medical report and letter:

> ***"January 27, 2022***
>
> ***To Whom It May Concern,***
> ***I am writing on behalf of my client, Victoria "Tori" Waller. By way of introduction, my name is donna White and I am a Licensed Professional Counselor in SC (number 6566) since 2017 and in practice since 2004.***
> ***I completed a comprehensive assessment with Tori on 1-14-2022. Since then, I have met with them for two individual appointments occurring on 1-19-22 and 1-24-22. Tori has been diagnosed due to what they perceive to be a hostile work environment. As a result of their reported and observed symptoms, they are unable to return to work at this time and will need a leave of absence to focus on treatment and recovery.***
>
> ***Sincerely,***
> ***Donna M. White, LPCS,LPC, LAC***
> ***Mind Path Health***
> ***Regional Psychotherapy***
> ***Director, SC***

***843-619-7989"***

and on February 4, 2022 at 10:12 PM the Plaintiff attached this medical report to an email sent to Melissa Cario, HR, Director, Staffing and Recruiting of Secondary Schools and Alternative Programs for the Defendant District, with the subject line in the email as "Resignation and Next Step".

17. The Plaintiff never worked again for the Defendant District in any capacity after February 2, 2022 and after the Plaintiff's sick pay of a short time was exhausted, the Plaintiff pay and benefits of any kind from the Defendant District came to a complete stop, creating a financial hardship for the Plaintiff, but the Plaintiff had no other choice as she could no longer mentally or emotionally bear to work any longer for the Defendant District because of the sexual harassment of her as set forth above that was enabled and tolerated by the Administration of Liberty Hill Academy as set forth above.

18. That during the time period, of August of 2021 through February 2, 2022 the Plaintiff was also called racial slurs and harassed by students at Liberty Hill Academy being frequently called cracker, fat white bitch, cracker ass bitch, and any / all possible conditions of those slurs in the hallways and all throughout the premises of Liberty Hill Academy, all of which the Defendant Shaw knew about as did the Assistant Principals. Richard Glickman and Denise Serano, who heard the racial slurs themselves and who were told by the Plaintiff personally about and how much it bothered her and made her anxious, scared and led to panic attacks.

19. That the Defendant Shaw was the final decision maker at Liberty Hill Academy with regard to on premises, discipline of students, and the Assistant Principals Richard Glickman and Denise Serano routinely handled the referrals that the Plaintiff made about

students discipline while teaching at Liberty Hill Academy.

20. That the Assistant Principals often changed the referrals that the Plaintiff made to lessen he severity of the offensive conduct, which contributed to the student getting away with their harassment of the Plaintiff.

21. That on 10-28-21, the Plaintiff wrote a referral, Incident Report Number 38882, Review 360 entitled "Teacher Referral for Office Management" and the Plaintiff described the "Student Behavior" on the form as "013" Sexual Harassment" and this was changed by Assistant Principal Richard Glickman to "Student Behavior – Profanity L2", which greatly reduced the offense, and lessened the consequences.

22. That the "Sexual Harassment" that the Plaintiff described as "O13-Sexual Harassment" in the column for "Student Behavior" was described as the "Behavior Description" part of the 10-28-21 Referral as

> "***(Redacted) entered class late from a precious IR. When he came into class, I had his work materials ready on his desk so that he could begin his assignment. Instead of beginning his assignment he started laughing and giggling, trying to get peers to interact with him. This was an issue last class period so I immediately addressed it and redirected him to do his work. A few moments later another student made a clapping noise and (Redacted) stated towards the student "that nigga guy". I again redirected him and explained to him that we do not sue that term as a derogatory term in my class, I told him any words of that nature should not be used in a derogatory manner. He then proceeded to argue with me and ask me if I thought the noise was "gay", I told him I did not because it was just a noise and there is no reason to describe a noise as being "gay". Instead of dropping the topic he then proceeded to say "that nigga fruit/fruity"/ At this point I told him he would be going back to IR and pressed the call button. He became more defensive and directed his aggression towards me calling me a "no neck ass, fucking fat ass". He walked out in the hallway and stated "I'm tired of this gay ass shit, faggot ass". At that point support staff had arrived to assist and shut the door to the classroom."***

23. The Assistant Principal Richad Glickman personally changed the "Student Behavior" to "Profanity L-2" for the Referral dated 10-28-21, described in the pervious paragraph,

thereby lessening the consequences to the student involved.

24. Referrals for student discipline for "Sexual Harassment" was also changed by Assistant Principal Richard Glickman for "Incident Report" dated 10-12-21 for Student Behavior that the Plaintiff wrote up as "013-Sexual Harassment" and the Assistant Principal Richard Glickman changed the "Student Behavior 270-Refused to Obey Defiant" instead.

25. That the "Student Behavior" in Incident Report dated 10-12-21 described in the proceeding paragraph has the Behavior Description, as follows:

> ***"While transitioning to Art Class (Redacted) looked through the window in my door and began yelling homophobic slurs through the door, completely unprovoked. He yelled "where the faggots at, where the faggots at?!" then threw a pencil under the doorway. His teacher called to have him taken to IR for the statements then he could be heard saying "y'all going to send me to IR because I asked where the faggots were?".***

26. On 9-30-21, the Plaintiff wrote a referral for a student calling her "sir, yes sir" as "Sexual Harassment" but the Assistant Principal, Richard Glickman changed the "Student Behavior" to 420-Disrespect".

27. On 9-30-21, the Plaintiff wrote a student referral for "assault" when a student pushed a door to a classroom against the body of the Plaintiff, trying to physically force the Plaintiff out of the room and when the student was unsuccessful, began to curse the Plaintiff and call her a "Fat Bitch", and the Assistant Principal changed the "Student Behavior" description on the Referral to "Inappropriate Physical Contact", a lesser offense.

28. On 9-23-21, the Plaintiff wrote a Referral as a "Threat" when a student told the Plaintiff, "Shut you ass up fat bitch, my momma going to bet yo ass" and the Plaintiff wanted a Full Threat Assessment (TAIP Conditions) and the Assistant Principal, Richard

Glickman refused on the basis it was "Transient" even though the Plaintiff believed that this same mother had come to the school and stalked an employee.

29. On 10-4-2021, the Plaintiff wrote a "Student Discipline" Referral as "harassment" when a student yelled at her "Fuck your fucking white ass" and the Assistant Principal Richard Glickman changed the referral to "210-Profanity L-2", a lessor offense.

30. On 10-7-21, the Plaintiff wrote a Student Referral for "harassment" when a student yelled, "Bitch you fucking dumb bitch" and "Record these crackers" and "Shut your fucking ass up Bitch", and the Assistant Principal Richard Glickman changed the behavior description to "210-Profanity – Adult"

31. On 8-18-21, the Plaintiff wrote a student referral for harassment when the student yelled to her across the classroom "he said you a Tranny . . . I can tell what you are."

32. That on 8-19-21, the Plaintiff wrote up a student referral for sexual harassment and threat when a student called the Plaintiff, "Sir" and "I know what you are" and then stated, "I'm going to staple your little eyes together" and the Defendant Shaw changed the student behavior to "threat" only.

33. On 8-19-21, the Plaintiff wrote a student referral on "013-Sexual Harassment" when a student told the Plaintiff, "white stank ass, always a fucking dyke, go play with your strap bitch" and "you should be lucky I didn't buy your ass out" and "you little white bitch, and the referral was "closed" on 8-24-21 by Assistant Principal Richard Glickman with no action.

34. That the Plaintiff was instructed by the Assistant Principal Richard Glickman and Denise Serano to write fewer referrals and Assistant Principal Richard Glickman told him he doesn't want a sexual harassment referral to follow a 12 year old boy around, and

Assistant Principal Glickman would often "close out" discipline referrals with little or no consequences, a situation which enabled and accelerated the sexual and racial abuse of the Plaintiff by students at Liberty Hill Academy.

35. The majority of student referrals set forth above made by the Plaintiff and the sexual and racial abuse of the Plaintiff set forth above was done by general education students at Liberty Hill Academy.

36. That the sexual and racial harassment of the Plaintiff as set forth above was enabled and met with by reckless indifference by the Defendant Shaw and the Assistant Principals at Liberty Hill Academy directly resulted in the Plaintiff suffering anxiety, panic attacks, nightmares, insomnia, tightness in her chest, time missed from work, medical treatment and medical expenses.

37. That the racial and sexual harassment of the Plaintiff as set forth above, created intolerable working conditions for the Plaintiff at Liberty Hill Academy so severe and pervasive that a reasonable person would feel compelled to quit as did the Plaintiff rather than continue to endure them, and such conditions were met with reckless indifference by the Defendant Shaw and the Assistant Principals at Liberty Hill Academy, who knew about the racial and sexual harassment, because the Plaintiff made referrals about it and additionally met with them and told them in person about it and how it upset her and stressed her, and the Plaintiff was responded to with reckless indifference and having the Administrators at Liberty Hill Academy respond by downgrading the offenses committed against the Plaintiff by the students for sexual harassment to lessen charges and consequences.

38. That on the basis of the above Liability can and should be imputed to the Defendant

District under the circumstance.

39. That the Defendant Coker was at all times relevant, the Supervisor of the Defendant Shaw and set the tone for student discipline for all students in the Defendant District, including those at Liberty Hill Academy at all times relevant hereto, and because the Defendant Coker knew and or reasonable should have known about the sexual and racial harassment of teachers at Liberty Hill Academy was recklessly, indifferent to it , and she herself did not find racial or sexual slurs to be unwelcome or offensive if directed by middle school students, and since the Defendant Coker knew that it was a frequent occurrence at most secondary schools in the Defendant District for white female teachers to be called sexual slurs that set the tone for it to continue to happen or a frequent basis at all schools including at Liberty Hill Academy at all times relevant hereto, because the Defendant Coker was the one person who could have done something about it system wide and was recklessly indifferent to it so, that frequent sexual slurs against white female teachers remained a frequent occurrence at secondary schools in the Defendant District.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C.§ 1981)**

40. Plaintiff repeats and realleges all of the preceding paragraphs as if restated verbatim hereto.

41. That while acting under color of state law as agents of the Defendant District, the Defendant Shaw and Coker have discriminated against the Plaintiff by being consciously indifferent to and tolerating a racially hostile environment for the Plaintiff to work in while employed at the Liberty Hill Academy during school hours and on school grounds while the Plaintiff was legally entitled and in fact required to be there.

42. That the acts and omissions of the Defendants, and each of them were grossly negligent and reckless indifferent with regard to Plaintiff's constitutional and statutory rights to work in an environment not subjected to racial harassment during the time period the Plaintiff was employed at Liberty Hill Academy and the Defendant Shaw was her Principal and Defendant Coker was in charge of student discipline for the entire Defendant District.

43. That as a direct result of the actions and inactions of the Defendants, and each of them, as stated above, and the grossly negligent and reckless disregard and indifference by the Defendants and each of them to the Plaintiff's constitutional and statutory right to work in an environment not subjected to racial harassment, the Plaintiff suffered actual and consequential damages, including adverse physical symptoms, psychological disturbances, symptoms of depression, increased anxiety, stress and requiring medical treatment and the incurring of medical expenses.

44. That the actions and omissions of the Defendant Shaw and Coker, and each of them, as set forth above, were the actions of Final Decision Makers and were the actions and omissions of high-ranking Administrators of the Defendant "District" regarding the conditions of employment of the Plaintiff at the Liberty Hill Academy to the degree that their actions and omissions are those of the Defendant "District" for purposes of the Defendant "District's liability under 42 U.S.C. 1981 for interfering with the Plaintiff's right to employment without being subject to racial harassment.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of Civil Rights 42 U.S.C. 1983)**

45. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

46. While acting under color of state law, the Defendants, and each of them, discriminated against the Plaintiff of the basis of her race and gender, in violation of his right to equal protection of rights provided for in the 14th Amendment to the Constitution of the United States of America, by subjecting the Plaintiff to a racially and sexually hostile work environment.

47. That while acting under color of state law, the Defendants, and each of them, have discriminated against the Plaintiff on the basis of his race and sex in violation of his right to work in an environment free of racial and sexual harassment.

48. The Defendants' actions and each of them, as above stated, were intentional, willful, malicious, and in reckless disregard of the Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential and compensatory damages as well as reasonable attorney fees and costs, under Section 42 U.S.C. §1983 against all Defendants, and punitive damages against the Defendants Anderson and Coker.

**FOR A THIRD CAUSE OF ACTION**
**(Violation of Title VII of the Civil Rights Act of 1964, as amended) Section 2000(e)**

49. Plaintiff repeats and realleges all of the preceding paragraphs as though restated verbatim herein.

50. Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.§2000(e)2 prohibits employment discrimination based on race, color, religion, sex and national origin, and under Title VII and employer may not discriminate against an employee with regard to any term, condition or privilege of employment.

51. The Defendant District and Defendants Shaw and Coker, as agents and high- ranking Administrators with final decision-making authority over the Plaintiff are employers covered by the provisions of Title VII of the Civil Rights Act of 1964,

42U.S.C.§2000(e)2, et. seq,

52. On or about July 1, 2026 the Plaintiff was emailed a "Notice of Right to Sue(Issued on Request)" from the United States Equal Employment Opportunity regarding the Plaintiff's charge of racial and sexual discrimination and the other allegations set forth in the Plaintiff's Charge of Discrimination dated 2-16-2022, including claims under Title VII 42 U.S.C.§2000(e)2 and Title 9 for complaining about violations of each of those against the Defendant District for the time period August of 2021 through Feb 2, 2022.

53. The Defendants' and each of them as above stated and repeated verbatim herein, caused the Plaintiff to work in an atmosphere of racial and sexual hostility, including frequent racial slurs by students, directed at her in front of and within the hearing of the Defendant Shaw and as enabled by the Defendant Coker, as explained above, that was tolerated and not adequately addressed by the Defendant District.

54. That the racially and sexually hostile environment described above adversely affected the terms and conditions of the Plaintiff's employment with the District and violated Plaintiff's rights under 42U.S.C.§2000(e).

55. As a direct and proximate result of the Defendant's conduct, and each of them, as described above in violation of 42U.S.C.§2000(e), and Title VII, the Plaintiff has suffered stress, anxiety, adverse physical symptoms, psychological disturbances, fear, panic attacks and depression for which the Plaintiff had to seek medical treatment for, incur medical expenses and also time from work.

56. The actions and omissions of the Defendants, and each of them as described above were unlawful, knowing, and in reckless disregard and recklessly indifferent to

Plaintiff's federally protected rights and Plaintiff is entitled to actual, consequential, compensatory damages, as well as attorney fees and cost under Title VII and 42U.S.C.§2000(e) against all of the Defendants, and punitive damages as well as against the Defendants Shaw and Coker.

**FOR A FOURTH CAUSE OF ACTION**
**(Violation of Title IX, 42U.S.C.§1681-1688)**

57. The Plaintiff repeats and realleges the preceding paragraphs as if restated verbatim herein.

58. 42U.S.C.§1681 (a) specifically states that "no person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of or be subjected to discrimition under any education program or activity receiving federal financial assistance, and as stated above, while acting under color of state law the Defendants and each of them, excluded the Plaintiff from participation in, denied the Plaintiff the benefits of and subjected the Plaintiff to discrimination from working in an education program, working as a Physical Education Teacher at a Charleston County public school by subjecting her to unwelcome sexual harassment by students, making it difficult or impossible for the Plaintiff to continue working in that capacity, causing her to end her employment with the Defendant District on Feb. 3, 2023.

59. The Defendants actions and omissions as above stated were done under color of state law with reckless indifference to the federally protected rights of the Plaintiff under Title IX, Section 42 U.S. C.§1681-1688, and entitles the Plaintiff to actual and consequential and compensatory benefits as well as attorney fees from all of the Defendants and each them, as well as punitive damages against the Defendants Shaw and Coker.

60. That the actions and omissions of Defendant Shaw and Coker, were the actions of final

decision makers with the Defendant District and were the actions and omissions of high-ranking Administrators of the Defendant District regarding the condition of the Plaintiff's employment with the Defendant District so that the actions and omissions of the Defendant Shaw and Coker are those of the Defendant District for purposes of Liability under 42 U.S.C.§1681-1688.

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, the Plaintiff respectfully requests the following relief:

1. Compensatory damages for emotional trauma, mental anguish, and any physical symptoms of ill health, stress, anxiety, insomnia, change in his personality, medical expenses and income loss and his "Situational Anxiety" acceleration to Post-Traumatic Stress Disorder, all of which contributed to the Plaintiff seeking early retirement;
2. Actual damages against all of the Defendants;
3. Punitive damages against the Defendants "Shaw" and "Coker";
4. Reasonable attorney fees and costs; and
5. For such other and further relief as this Court deems just and proper.

Plaintiff demands a Jury Trial.

KOBROVSKY LAW OFFICE, LLC

By/s/ *Lawrence C. Kobrovsky*
Lawrence C. Kobrovsky, Esquire
Federal Bar Number: 5294
SC Bar Number: 3592
198 Rutledge Ave., Suite 7
Charleston, SC 29402-1726
Telephone (843)853-3703
Facsimile (843)853-2331
kobrovskyl@bellsouth.net

September 29, 2026

Charleston, South Carolina